JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-01449-MMM-(MANx) | Date | April 30, 2010 |
|---|---|---|---|

| Title | *Provident Savings Bank, FSB v. Kenneth Adler* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Provident Savings Bank, FSB is the owner of real property located at 5752 Jamieson Avenue, Encino, CA, 91316 ("the property").[1] Defendant Kenneth Adler is residing at and in possession of the property.

Provident became the owner of the property on January 14, 2010 through a trustee's sale that followed foreclosure proceedings.[2] Adler was then and still is residing at and in possession of the property.[3] Provident alleges that there is no landlord/tenant relationship between Adler and Provident, and that Adler's title, if any, to the property was extinguished by the trustee's sale on

---

[1] Notice of Removal, Docket No. 1, Exh 2, Complaint for Unlawful Detainer ("Complaint") ¶ 1 (Feb. 2, 2010).

[2] Complaint, ¶ 5.

[3] *Id.*, ¶¶ 2, 11.

January 14, 2010.[4] On January 27, 2010, Provident served Adler with a three-day notice to quit.[5] The notice required Adler to give up possession of the property by February 1, 2010, but he refused to do so.[6] On February 16, 2010, Provident filed an unlawful detainer action in Los Angeles Superior Court seeking immediate possession of the property, $50 per day for use and occupancy of the property from February 2, 2010 to the date of judgment, and costs incurred in bringing the unlawful detainer action.[7]

On February 26, 2010, Adler timely filed a notice of removal,[8] invoking the court's federal question jurisdiction.[9] He contends that "[p]laintiff is wholly relying on federal law in the assertion of its claim . . ."[10] because Provident is a federal savings bank chartered by the Treasury Department's Office of Thrift Supervision. Adler contends that 12 U.S.C. §§ 1461–1470, commonly known as the Home Owner's Loan Act ("HOLA"), regulates Provident. He does not allege violation of any provision of HOLA, however.[11] Adler also asserts that jurisdiction is proper under 28 U.S.C. § 1441 because there is a federal question; he does not identify any federal claim in Provident's state court complaint, however. There is no federal statute or case law cited in Provident's unlawful detainer action, and the complaint contains no federal claim. Provident simply asserts that it followed California Civil Code and other procedural requirements in attempting to gain possession of the property.[12]

---

[4]*Id.* at ¶¶ 6–7.

[5]*Id.* at ¶ 8.

[6]*Id.*

[7]*Id.*, ¶¶ 9–12.

[8]Notice of Removal, Docket No. 1 (Feb. 26, 2010).

[9]*Id.*, ¶ 4.

[10]*Id.*, ¶ 1.

[11]12 U.S.C. §1464 provides, *inter alia*, for the establishment of Federal Savings Banks, outlines the type of business these banks are permitted to conduct, and establishes that the Director of the Treasury has enforcement power with respect to the banks. The additional sections of HOLA Adler cites outline the regulation, powers and oversight of federal associations such as federal savings banks. Nowhere in these sections does it appear that any private right of action is created.

[12]Complaint, ¶¶ 5, 8.

## II.  ANALYSIS

### A.  Legal Standard Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhard v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.  Legal Standard Governing Removal Based on Federal Question Jurisdiction

Absent diversity of citizenship,[13] federal question jurisdiction is required for removal. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  See also 28 U.S.C. § 1441(b).[14]  Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added).  Federal question jurisdiction

---

[13]Plaintiff does not argue that the court has diversity jurisdiction, and it is clear that it would not, since Adler is presumably a citizen of California, the forum state.  See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").  Provident's complaint, moreover, states that the damages will not exceed $10,000, so the amount in controversy requirement for diversity jurisdiction is also not met.  28 U.S.C. §1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs. . .").

[14]"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  28 U.S.C. § 1441(b).  See also *Rivet v. Regions Bank of La.*, 522 U.S. 470, 474-75 (1998); *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 926 (5th Cir. 1997).

is presumed absent unless defendant, as the party seeking to invoke federal jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), show that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, whether removal jurisdiction is present must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes the plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Thus, where plaintiff could maintain claims under both federal and state law, plaintiff can prevent removal by ignoring the federal claim and alleging only state law causes of action. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13. A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

**D. Whether Plaintiff's Complaint Raises a Federal Question**

Adler alleges that "Plaintiff is wholly relying on federal law . . . in that the action was brought by plaintiff, which is a federal savings bank chartered and regulated by the Treasury Department's Office of Thrift Supervision, under and because of the provisions of the Home Owners' Loan Act. . . ."[15] Adler does not assert that Provident's complaint contains any claim raising a federal question. Indeed, Provident's action is for unlawful detainer – an action relating to real property that is entirely created and regulated by state law. See, e.g., *Flower v. Wachovia Mortg. FSB*, No. C 09-343 JF (HRL), 2009 WL 975811 at *8-9 (E.D. Cal. Apr, 10, 2009) (finding no federal question on the face of Wachovia's unlawful detainer action). Moreover, "federal courts do not . . . have jurisdiction over disputes involving federally-chartered institutions" absent a federal question. *Resolution Trust Corp. v. Gregor*, 872 F.Supp. 1140, 1144 (E.D.N.Y. 1994). See also *Morast v. Lance*, 807 F.2d 926, 929 (11th Cir. 1987) ("The district court did not have subject matter jurisdiction merely because the defendant bank was a federally chartered bank"); *Hancock Financial Corp. v. Federal Savings and Loan Insurance Corp.*, 493 F.2d 1325, 1328 (9th Cir. 1974) (the mere fact that defendant "was created as a federally chartered corporation" did not give rise to federal question jurisdiction); *Curiale v. Reissman*, 798 F.Supp. 141, 145 (S.D.N.Y. 1992) ("[T]he mere fact that an entity is federally chartered, rather than incorporated by a state, is not sufficient to establish federal question jurisdiction over claims of a breach of the fiduciary duties of an entity's directors"). As a consequence, Provident's unlawful detainer claim does not "arise under" federal law, nor does it require resolution of an essential federal ingredient within the state claim.[16]

---

[15]Notice of Removal, ¶ 1. "The Home Owners' Loan Act of 1933 was enacted to restore the public's confidence in savings and loan associations at a time when 40% of home loans were in default. . . . The OTS, an office of the Department of the Treasury, was thus created and vested with plenary authority to administer the HOLA. . . . The HOLA empowers the OTS, 'under such rules and regulations as [it] may prescribe – to provide for the organization, incorporation, examination, operation, and regulation of . . . Federal savings associations . . . , giving primary consideration of the best practices of thrift institutions in the United States.' 12 U.S.C. § 1464 (a). The HOLA authorizes the OTS to promulgate regulations 'appropriate to carry out [its] responsibilities.' 12 U.S.C. § 1463 (a)(2). Pursuant to this authorization, the OTS regulates, *inter alia*, 'the enforcement of laws, regulations, or conditions against such associations.'" *Bank of Am. v. City & County of S.F.*, 309 F.3d 551, 559 (9th Cir. 2002). No provision of HOLA vests this court with jurisdiction to hear an unlawful detainer action simply because the plaintiff is a savings association formed under HOLA.

[16]Without addressing whether a violation of HOLA would constitute a defense to the unlawful detainer claim, the court notes that if Adler were to defend the unlawful detainer action by alleging that Provident violated HOLA, this would not confer jurisdiction on a federal court to hear the action because the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. It is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. *Louisville & Nashville R. Co.*, 211 U.S. at 152 ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim"); see also *Rivet*, 522 U.S. at 475; *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the

### III.  CONCLUSION

For the reasons stated, there is no basis for exercising federal subject matter jurisdiction over Provident's unlawful detainer action.  Alder's removal of the action was improper, and the clerk is directed to remand the case to Los Angeles Superior Court forthwith.

---

Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.